(C. D. 259)

GEHL BROS. v. UNITED STATES

United States Customs Court, Second Division

(Decided December 5, 1939)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States arising at the port of Detroit brought to recover certain duties alleged to have been improperly exacted on a particular importation of knives of cutting blades. Duty was levied thereon at the rate of 20 per centum ad valorem under the provision in paragraph 356 of the Tariff Act of 1930 for "all other cutting knives and blades used in power or hand machines." It is claimed that said articles are properly entitled to free entry under paragraph 1604 of said act as parts of agricultural implements.

No sample was introduced in evidence herein.

At the trial held at Detroit on April 29, 1938, it was stipulated in open court by and between counsel for the respective parties that the

merchandise in controversy consists of knives designed to be used on farms in cutters for cutting corn to be stored in silos.

Counsel for the plaintiffs then referred to the decision of this court in the case of *Tower & Sons* v. *United States,* 9 Ct. Cust. Appls. 307, T. D. 38239, and the case was submitted.

Counsel for the Government in his brief filed herein calls our attention to the fact that the cited case arose under the Tariff Act of 1913 and involved a certain ensilage-cutting machine used for cutting green corn into small pieces which were then blown by fans through a pipe into a corn silo where it was stored for subsequent feeding to cattle. The appellate court properly held such a machine to be an agricultural implement within the meaning of paragraph 391 of the Tariff Act of 1913. That paragraph reads as follows:

PAR. 391. Agricultural implements: Plows, tooth and disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, *and all other agricultural implements of any kind and description, whether specifically mentioned herein or not, whether in whole or in parts, including repair parts.* [Italics ours.]

Counsel for the Government therefore contends that the decided case has no application to the present merchandise in view of the proviso added to the present paragraph 1604 under which the plaintiffs claim, and which proviso was not in paragraph 391 of the 1913 act. The current paragraph reads as follows:

PAR. 1604. Agricultural implements: Plows, tooth or disk harrows, headers, harvesters, reapers, agricultural drills and planters, mowers, horserakes, cultivators, thrashing machines, cotton gins, machinery for use in the manufacture of sugar, wagons and carts, cream separators valued at not more than $50 each, and all other agricultural implements of any kind or description, not specially provided for, whether in whole or in parts, including repair parts: *Provided, That no article specified by name in Title I shall be free of duty under this paragraph.* [Italics ours.]

Inasmuch as there is contained in paragraph 356 an *eo nomine* provision for "cutting knives and blades used in power or hand machines," it follows that such articles are not entitled to free entry under paragraph 1604 as parts of agricultural implements, as claimed by the plaintiffs, for the good and sufficient reason that the proviso in said paragraph 1604 expressly excludes such articles. All claims of the plaintiffs are therefore overruled and judgment will be rendered accordingly.